IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT FOUTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. CIV-22-120-D |
| v. | ) |
| | ) |
| AIR WISCONSIN AIRLINES, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Partial Motion to Dismiss Plaintiff's FMLA, Section 1981, and Title VII Claims [Doc. No. 10] under Fed. R. Civ. P. 12(b)(6). In his Response [Doc. No. 13], Plaintiff concedes "any claims of discrimination under Title VII of the Civil Rights Act, or 42 U.S.C. § 1981" should be dismissed, but he opposes the dismissal of claims under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*. Thus, the question presented is the sufficiency of the Amended Complaint [Doc. No. 9] to state the FMLA claims asserted by Plaintiff. The Motion is fully briefed. *See* Reply [Doc. No. 14].

Plaintiff brings suit against his former employer under the Americans with Disabilities Act as amended, 42 U.S.C. § 12101 *et seq*., and state anti-discrimination statutes, for disability discrimination and retaliation. Plaintiff also claims under FMLA in that Defendant violated 29 U.S.C. § 2615(a) by retaliating against him for taking FMLA leave and by interfering with his exercise of FMLA rights. Defendant challenges the

sufficiency of Plaintiff's factual allegations to state either type of FMLA claim, retaliation or interference.

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In assessing plausibility, the Court first disregards conclusory allegations and "next consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## Analysis

The Tenth Circuit "has recognized two theories of recovery under § 2615(a): an entitlement or interference theory arising from § 2615(a)(1), and a retaliation or discrimination theory arising from § 2615(a)(2)." *Metzler v. Fed. Home Loan Bank*, 464 F.3d 1164, 1170 (10th Cir. 2006). "These two theories of recovery are separate and distinct theories that 'require different showings[,] differ with respect to the burden of proof,' and 'differ with respect to the timing of the adverse action.'" *Dalpiaz v. Carbon Cty*., 760 F.3d

1126, 1131 (10th Cir. 2014) (quoting *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007)).

A.   **FMLA Interference**

The Tenth Circuit has explained FMLA liability under an entitlement or interference theory as follows:

> To establish a claim of FMLA interference under § 2615(a)(1), an employee must show "(1) that [he] was entitled to FMLA leave, (2) that some adverse action by the employer interfered with [his] right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of [his] FMLA rights." *Campbell*, 478 F.3d at 1287 . . . . To satisfy the second element of an interference claim – adverse action interfering with the right to take FMLA leave – "the employee must show that [he] was prevented from taking the full 12 weeks[] of leave guaranteed by the FMLA, denied reinstatement following leave, or denied initial permission to take leave." *Id*. Thus, an interference claim arises when an adverse employment decision is made before the employee has been allowed to take FMLA leave or while the employee is still on FMLA leave. *Id*.

*Dalpiaz*, 760 F.3d at 1132 (footnote omitted). "The interference or entitlement theory is derived from the FMLA's creation of substantive rights. If an employer interferes with the FMLA-created right to medical leave or to reinstatement following the leave, a deprivation of this right is a violation regardless of the employer's intent." *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir. 2002); *see Metzler*, 464 F.3d at 1180.[1]

Plaintiff alleges that he was entitled to and approved for FMLA leave to undergo hip replacement surgery and recovery, that his 12-week period of FMLA leave was followed by an additional period of short-term disability leave, and that he was not

---

[1] "If the employee can demonstrate that the first two elements of interference are satisfied, the employer then bears the burden of demonstrating that the adverse decision was not 'related to the exercise or attempted exercise of [the employee's] FMLA rights.'" *Dalpiaz*, 760 F.3d at 1132 (quoting *Campbell*, 478 F.3d at 1288-89).

3

reinstated following his absence but, instead, his employment was terminated. Defendant contends Plaintiff's interference claim fails because his factual allegations show Plaintiff received his full term of FMLA leave and did not seek reinstatement when it was completed in August 2020 but instead took disability leave; that is, Plaintiff was absent from work on disability leave (not FMLA leave) when Defendant terminated his employment in October 2020. Plaintiff makes no response to this argument and, in fact, agrees that his 12 weeks of FMLA leave ended August 6, 2020. *See* Pl.'s Resp. Br. at 4-5. His argument addresses only a retaliation theory of FMLA liability, discussed *infra*.

Upon consideration, the Court finds that the factual allegations of the Amended Complaint do not plausibly suggest Plaintiff's entitlement to relief under an interference theory of FMLA liability. Plaintiff's allegations show he successfully completed his FMLA leave and did not seek reinstatement when it ended in August 2020. *See* Am. Compl. ¶ 29 ("On May 14, 2020 Plaintiff . . . was placed on FMLA leave and short-term disability leave until January of 2021."); *id*. ¶ 46 ("Plaintiff was on FMLA leave, and thereafter took short term disability to recuperate after his surgery."). Plaintiff does not say Defendant prevented him from returning to work from FMLA leave but, instead, states he remained absent from work on disability leave. The Court understands from Plaintiff's allegations that 12 weeks of FMLA leave was insufficient for his recovery so he utilized another type of leave for which he also qualified. The Amended Complaint expressly states: "On October 1, 2020 <u>while on short term disability leave</u>, Plaintiff was terminated from his position . . . ." *Id*. ¶ 30 (emphasis added); *id*. ¶ 60 ("Plaintiff was wrongfully terminated while on his short term disability leave."). An employee is not entitled to

4

reinstatement under the FMLA if he is unable to perform the essential functions of his job when his 12-week period of leave expires. *See Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 161 (2d Cir. 1999) ("The fact that [plaintiff] was not restored to his position at the end of that 12-week period did not infringe his FMLA rights because it is also undisputed that at the end of that period he remained unable to perform the essential functions of his . . . position."); *see also Edgar v. JAC Prod., Inc.*, 443 F.3d 501, 509 (6th Cir. 2006) ("a company does not violate the FMLA when it terminates an employee who is incapable of returning to work at the end of the 12-week leave period").

In short, Plaintiff does not identify any adverse action by Defendant that interfered with his right to take FMLA leave or return from FMLA leave. Therefore, the Court finds that the Amended Complaint fails to state a plausible FMLA interference claim and that Defendant is entitled to the dismissal of this claim.

**B.     FMLA Retaliation**

"Retaliation claims under the FMLA are subject to the burden shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 . . . (1973)." *Metzler*, 464 F.3d at 1170. In challenging the sufficiency of Plaintiff's FMLA retaliation claim, Defendant utilizes this analysis and argues that Plaintiff's allegations do not establish a *prima facie* case. "To make out a prima facie retaliation claim, [a plaintiff] must show that:  '(1) [he] engaged in a protected activity; (2) [the employer] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action.'" *Campbell*, 478 F.3d at 1287 (quoting *Metzler*, 464 F.3d at 1171). Defendant challenges only whether Plaintiff's allegations satisfy the

5

third element – a causal connection between the protected activity (taking FMLA leave) and the materially adverse action (termination).

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *accord Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1050 (10th Cir. 2020). Upon examination of Plaintiff's pleading in this case, the Court finds minimally sufficient factual allegations to show a causal connection between Plaintiff's FMLA leave and Defendant's termination of his employment.

"To establish a causal connection, a plaintiff must [allege] circumstances that justify an inference of retaliatory motive.'" *Bekkem v. Wilkie*, 915 F.3d 1258, 1271 (10th Cir. 2019) (quoting *Ward v. Jewell*, 772 F.3d 1199, 1203 (10th Cir. 2014)). "If the protected conduct is closely followed by the adverse action, courts have often inferred a causal connection." *Id.*; *see Metzler*, 464 F.3d at 1171 (temporal proximity is "evidence of a causal connection sufficient to justify an inference of retaliatory motive"). Temporal proximity between an exercise of FMLA rights and a termination of employment is sufficient to establish a causal connection "if the termination is very closely connected in time to the protected activity." *Metzler*, 464 F.3d at 1171 (internal quotation and emphasis omitted).

In this case, Defendant allegedly decided to eliminate Plaintiff's position barely two months after his FMLA leave ended. But beyond timing, Plaintiff also alleges: the other two members of his work team, who did not take FMLA leave, were retained; when one of these coworkers resigned, Defendant did not offer Plaintiff the vacant position; and

6

Defendant stated a false reason for not reinstating him. *See* Am. Compl. ¶¶ 32-36. Taken together, the Court finds that these allegations suggest a retaliatory motive for Plaintiff's termination and adequately show a causal relationship between Plaintiff's protected activity and Defendant's termination of his employment. Plaintiff's pleading "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests" as required by Rule 8(a). *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *see also Khalik*, 671 F.3d at 1193.

For these reasons, the Court finds that Plaintiff's factual allegations are sufficient to state a plausible FMLA retaliation claim and, thus, this claim should not be dismissed.

**IT IS THEREFORE ORDERED** that Defendant's Partial Motion to Dismiss Plaintiff's FMLA, Section 1981, and Title VII Claims [Doc. No. 10] is **GRANTED** in part and **DENIED** in part. The claim asserted in Count III of the Amended Complaint alleging interference with FMLA rights under § 2615(a)(1) and the claims asserted in Count IV of the Amended Complaint alleging retaliation under Title VII and § 1981 are dismissed.[2] This dismissal is without prejudice to a timely motion by Plaintiff to further amend his pleading under the scheduling order to be entered under Fed. R. Civ. P. 16(b).

---

[2] Defendant points out that it moved for the dismissal of Count IV of the Amended Complaint, which asserted a retaliation claim under § 1981, Title VII, and state law, and Plaintiff's Response is silent concerning a state-law claim. However, Defendant's argument for dismissal of Count IV did not address Plaintiff's state-law retaliation claim in any substantial way. *See* Def.'s Mot. at 7-9 (making one conclusory statement that "it is unclear what the basis is for Plaintiff's OADA retaliation claim"). Thus, the Court finds that Plaintiff's state-law claim should not be dismissed.

**IT IS SO ORDERED** this 7th day of July, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge